# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff / Respondent,

vs.                                                   Civil No. 00-1257 MV/WWD
                                                   Crim. No. 95-538 MV

VINCENT NAJAR,

      Defendant / Petitioner,

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

      1.  THIS MATTER comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255; Petitioner's Motion for Production of Grand Jury Transcripts, filed August 29, 2000 **[docket # 2]** and Petitioner's Motion to Amend his § 2255 Petition, filed October 2, 2000 **[docket # 6]**.  Petitioner "Najar" submitted an amended petition with his motion to amend on October 2, 2000.  He is incarcerated and is proceeding *pro se*.

      2.  Petitioner, a member of the "Sureno 13 gang," was one of twenty-three defendants charged with several murders and attempted murders in aid of racketeering, narcotics trafficking offenses, and various firearms offenses.  Najar was charged with several counts under RICO (18 U.S.C. §§ 1961, 1962(c),(d), 1963(a)), conspiracy to distribute cocaine (21 U.S.C. § 846) and numerous counts of murder and attempted murder in violation of 18 U.S.C. § 1959(a)(1) and (a)(5).  He faced the death penalty if convicted [docket # 1826, Crim. No. 95-538 MV].

3. Petitioner pled guilty to Counts 1, 3, 26, 27 and 28 of the Third Superseding Indictment [Crim. No. 95-538, docket # 1598].[1]  Under the plea agreement [Crim. No. 95-538, docket # 2376], Najar agreed to waive rights to appeal and to file a motion under 28 U.S.C. § 2255. Consistent with the sentence recommended in the plea agreement, Najar was sentenced to 360 months' imprisonment.

### Motion to Amend Petition

4.  The amended petition raises essentially the same grounds as those raised in the initial petition, but contains a supporting brief.  The motion to amend should be granted.

### Grand Jury Transcripts

5.  Najar requests grand jury transcripts from every grand jury "convened in the District of New Mexico during and through the years 1994 [to the] present date."  Najar contends that these transcripts contain evidence of alleged misconduct, misstatements of the law, "perjured testimony" and "deceptive practices" by the U.S. Attorney's Office in its presentations of RICO violations to the grand jury.  Petitioner claims these transcripts are therefore relevant to his § 2255 petition.

6.  The burden is on the defendant (Petitioner, in this case) to show that disclosure of grand jury transcripts is appropriate.  Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). A party seeking grand jury materials must show (1) the materials are needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the

---

[1]  Count 1: RICO, in violation of 18 U.S.C. §§ 1961, 1962(c) and 1963(a); Count 3: Conspiracy to Distribute 5 grams and more of Cocaine Base, in violation of 21 U.S.C. § 846; Count 26: Firearms Murder of Dwight Denard Cobbs; Count 27: Firearms Murder of Johnny Lee Dixon, in violation of 18 U.S.C. § 924(i)$^2$(1) (now codified as § 924(j)); and Count 28: Firearms Murder of Lawuentoa Shawn Johnson, in violation of 18 U.S.C. § 924(i)$^2$(1).

2

need for continued secrecy, and (3) the request is structured to cover only material so needed.

7. Najar's broad request does not satisfy any of the above factors. I agree with the Government that Najar's broad request for transcripts amounts to a fishing expedition. In re Grand Jury 95-1, 118 F.3d 1433, 1437 (10th Cir. 1997)(citations and quotations omitted) (request for grand jury transcripts must amount to more than a request for authorization to engage in a fishing expedition). Petitioner's nebulous allegations of misconduct and misstatements of jury instructions do not constitute a "particularized need" for the disclosure of the transcripts. U.S. v. Perez, 67 F.3d 1371, 1381 (9th Cir.1995), vacated in part, U.S. v. Perez 116 F.3d 840 (1997). The motion should be denied.

### § 2255 Petition

8. Petitioner raises three general grounds for relief, each divided into subparts:(1) the first ground relates to an alleged lack of this Court's subject matter jurisdiction over the offenses of conviction; (2) the second is ineffective assistance of counsel; and (3) the third is violation of the Double Jeopardy Clause, based on the allegation that his conviction and sentences for violations under RICO; 21 U.S.C. §§ 841 and 846; and 18 U.S.C. § 924(c) and §924(i)[2](1), constitute violations of the Double Jeopardy Clause.

9. I find there to be major procedural bars to Petitioner's wholesale presentation of issues which are generally waived pursuant to entering a guilty plea. In addition to this general waiver, Respondent argues that under the terms of the plea agreement, Petitioner has also waived the right to bring a collateral attack on his plea through a § 2255 [see Crim. No. 95-538, docket # 2376 at 4].

10. The Tenth Circuit has not directly addressed a defendant's power to waive rights to a

collateral attack in a plea agreement, but nevertheless acknowledges a Seventh Circuit case, U.S. v. Jones, which concluded that the issue of waiver turns on whether ineffective assistance of counsel has tainted the voluntariness of the plea or the waiver agreement itself.[2]  U.S. v. Vasquez, (Table, text in Westlaw), 1999 WL 795266 (10th Cir. N.M.) (citing Jones v. U.S., 167 F.3d 1142, 1144-45 (7th Cir. 1999)).

11.  According to Jones, although waivers are enforceable "as a general rule," the right to bring a collateral attack under § 2255 survives "only with respect to those discrete claims which relate directly to the negotiation of the waiver."  Jones at 1145;  cmp. DeRoo v. U.S., 223 F.3d 919, 924 (8th Cir. 2000) (where petitioner alleged that counsel's failure to file a motion to dismiss the indictment, among other errors, induced him to plead guilty, the petition at least "facially" claimed that petitioner's decision to enter plea agreement and waive appeal rights was not knowing and voluntary).

12. Najar does not allege claims which relate to the negotiation of the waiver or the plea agreement.  Thus, I would be inclined to find that in this case, Petitioner has waived his right to bring a collateral attack on his plea.  However, I need not do so because I also find that even if Najar has not waived the right to file a § 2255 motion, he has nevertheless waived federal habeas review of most of the issues raised in his petition because he entered into a valid guilty plea.

13.  Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary.  Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. den., 115 S.Ct. 2591 (1995), citing Mabry v. Johnson, 467 U.S.

---

[2] The Court in Vasquez states "[w]hile the answer in other circuits turns on whether the ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself [citing Jones], we need not reach this issue here."

4

504, 508-09 (1984) (other citations omitted).  Petitioner does not allege, nor is there evidence, that his plea was either involuntary or unknowing.  On the contrary, Petitioner's statements in open court during the plea proceedings indicate that his plea was both counseled and voluntary. See Crim. No. 95-538, Tr. of Plea Proceedings, June 1, 1999 (docket # 2377) (entered on docket and file-stamped Apr. 24, 2000).  Najar stated that he had discussed the numerous charges brought against him by the Government with his attorney, Plea Proceeding Tr. at 14-15, that he was satisfied with the representation he received by counsel, Tr. at 16, and that he was not induced by promise or otherwise coerced into the plea.  Tr. at 16.  The trial court reviewed each of the Counts to which he pled as well as the maximum penalty for each, Tr. at 22-23, and Najar, in open court, stated that he was pleading guilty to each one of these Counts, Tr. at 40.

14.  Petitioner does contend as a general matter that he pled guilty as a result of ineffective assistance of counsel.  Performance by defense counsel that is constitutionally inadequate can render a plea involuntary.  Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. den., 115 S.Ct. 2591 (1995).  Petitioner's claims based on ineffective assistance are addressed separately, below.

15.  Issues of subject matter jurisdiction or double jeopardy cannot be waived and therefore will be reviewed here.  See U.S. v. Kunzman,125 F.3d 1363,1365 (10th Cir. 1997)(treating § 2255 double jeopardy claim as jurisdictional and not subject to procedural bar), superseded on other grds., U.S. v. Glover, 216 F.3d 1088 (10th Cir. 2000) (double jeopardy claims are jurisdictional and are not subject to waiver).  In this case, neither claim has merit.

**Subject Matter Jurisdiction (subparts (a) through (g))**

16.  Petitioner's various allegations of lack of subject matter jurisdiction in Ground One border on the frivolous and should be dismissed.

5

17. In subpart (a), Najar alleges that without stipulations he made in the plea agreement, the Court would have lacked jurisdiction over the offenses for which he was charged. The Court's jurisdiction was not triggered in any way by Petitioner's stipulations. Rather, jurisdiction was proper under 18 U.S.C. § 3231 by virtue of the fact that Najar was charged with federal offenses.[3]

18. In subpart (b), Petitioner bases his jurisdictional argument on an alleged insufficiency of the indictment. He claims that although he pled guilty to certain Racketeering Acts, the penalty provisions of 21 U.S.C. § 841(b)(1) were not cited with these acts in the indictment [Crim. No. 95-538, docket ## 1598,Third Superseding Indictment]. This claim fails for two reasons.

19. First, the penalty provisions of 21 U.S.C. § 841(b)(1) are relevant only to violations of § 841(a), and are not applicable to violations of RICO, which has its own penalty provisions under 18 U.S.C. § 1963. Thus, the omission of § 841(b)(1) provisions in the indictment is entirely irrelevant to the RICO charges. In addition, even if they were relevant, the indictment in this case is not subject to collateral attack under § 2255 where the trial court has jurisdiction over the case and where indictment apparently attempts to charge that offense. See Charley v. U.S., 303 F.2d 512, 513 (10th Cir. 1962). Thus, Petitioner's allegations concerning the penalty provisions do not constitute a basis for a viable claim in federal habeas review.

20. Subpart (c), in which Najar claims that the court lacked subject matter jurisdiction over the offenses of conviction because of "underrepresentation of Hispanics and whites" on the grand jury that indicted him, should be dismissed. Notwithstanding Petitioner's jurisdictional spin

---

[3] The statute reads: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

on this allegation, such a claim is foreclosed by his entering a guilty plea, since the allegation raises no question as to the voluntariness of the plea itself. See Tollett v. Henderson, 411 U.S. 258, 266 (1973) (holding that after a criminal defendant pleads guilty, on the advice of counsel, he is not automatically entitled to federal collateral relief on proof that the indicting grand jury was unconstitutionally selected). Moreover, as Respondent points out, the claim was raised by defense counsel in the underlying criminal case, and rejected by the Court [Crim. No. 95-538, docket ## 1265 & 1277].

21. In subpart (d), Petitioner merely asserts, without citing to specific instances or specific facts, that the Court lacked subject matter jurisdiction because the indictment was obtained through perjured testimony. Conclusory allegations of perjury are not entitled to relief in habeas corpus review. McBride v. United States, 446 F.2d 229, 232 (10th Cir.1971).

22. Najar claims in subpart (e) that the grand jury lacked jurisdiction to indict him for violation of the RICO Act because "[t]here was no testimony given to the grand jury sitting in New Mexico which handed down the indictment against Defendant as to an actual 'enterprise' in order to establish a RICO violation." Under 18 U.S.C. § 3332, a federal grand jury has the power to "inquire into offenses against the criminal laws of the United States alleged to have been committed within that district." Thus, jurisdiction existed because the indictment alleged that Najar's violation of the RICO Act occurred in the District of New Mexico [Crim. No. 95-538, docket # 1598].

23. In subpart (f), Petitioner asserts that "[t]here was an illegal instruction given to the grand jury by the U.S. Attorney's Office of New Mexico as to several acts involving murder, any one of which alone constituted the commission of Racketeering." Petitioner does not state how

7

this allegation is connected to the Court's lack of jurisdiction, and offers no reason why this claim also should not be considered as waived, since it does not go to the voluntariness of the plea. Dismissal of this claim is also appropriate because the allegation lacks any specificity.

24.  The final subpart (g) to Najar's jurisdictional claims is that the Government failed to allege and prove a nexus to interstate commerce to the grand jury, and "misled the grand jury through improper, illegal, and tainted testimony, as to what constituted interstate commerce in order to establish a RICO offense."  As above, Petitioner does not describe what the "improper, illegal, and tainted testimony" was, nor the alleged misconduct.

25.  Apart from that deficiency, I agree with Respondent and note that the indictment was otherwise sufficient as to Najar's allegations concerning interstate commerce.  The indictment stated that "Sureno 13 was engaged in and its activities affected interstate and foreign commerce and were conducted in the District of New Mexico and elsewhere" and that "[m]embers and their associates did travel and use facilities in interstate commerce in aid of their racketeering activities." [Crim. No. 95-538, docket # 1598, Count 1, ¶ 2, ¶ 5e].  Relief should be denied on this claim, as well as all of Petitioner's jurisdictional claims in Ground One.

**Subject Matter Jurisdiction - Amended Complaint**

26.  Petitioner's amended complaint includes several additional claims, each of which are addressed thoroughly by the Government in its response to the amended complaint.  None of these claims have any merit.  Rather, Najar simply continues his foray into unsupported allegations of insufficiencies or irregularities in the indictment or insufficiencies in the evidence before the grand jury.  He offers no remotely plausible argument as to why the Court's subject matter jurisdiction is challenged, or how any of these claims are not waived by his entering a

8

guilty plea. However, even if the claims were not waived based on a valid guilty plea (which I have found that they are, see ¶ 13, above), relief should be denied on these claims on the merits.

27. Petitioner contends that the trial court lacked jurisdiction over the RICO offenses because the grand jury "did not tailor" 18 U.S.C. § 2 (aiding and abetting) to the predicate offenses of racketeering acts under RICO. 18 U.S.C. § 2 "prohibits one from causing another to do any act that would be illegal if one did it personally." U.S. v. Lennon, 751 F.2d 737, 741 (10th Cir. 1985). Because the statute "applies generally to all federal criminal statutes," it need not be "tailored" to RICO provisions.

28. Najar also argues that Count 3 must be "vacated with prejudice" because it did not specify a quantity of drugs as part of the elements of the offense under 21 U.S.C. § 841(a)(1) or § 846. However, although drug quantities were not specified individually for each of Overt Acts 11-16 in Count Three of the Superseding Indictment, nevertheless Count Three does specifically state a drug quantity "in the amount of 5 grams and more of a mixture and substance which contained cocaine base . . . ."[4]  [Crim. No. 95-538, docket #1598, at 16, ¶ 28].

29. In his amended complaint, Najar contends that there was no evidence before the grand jury or at trial to establish "an enterprise," "ongoing organization," or "interstate commerce," sufficient to "convict or sentence" him. Brief in Supp. of Am. Compl., at 3-8 and at 23. He also

---

[4] Petitioner does not state the issue as one raising an Apprendi question. Under Apprendi v. N.J., 120 S.Ct. 2348 (June 26, 2000), any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In this case, even assuming Petitioner was sentenced beyond the statutory maximum for the charge (which Petitioner is not alleging here nor is there evidence to support such an allegation), the claim would have no merit presented as an Apprendi issue because a drug quantity was included in the Indictment to which Najar entered a plea of guilty.

argues that there was no testimony as to weapons before the grand jury for which Petitioner was indicted under 18 U.S.C. § 924(i)$^2$(1) and § 2. Given that he pled guilty to RICO and conspiracy counts, this allegation is moot. His plea establishes that such an "enterprise" or "organization" existed.

30. As support for this last claim, i.e., that the evidence was insufficient for a grand jury to hand down the indictment, Najar cites to the trial court's ruling following a James hearing which he claims concluded that the Government had failed to prove the existence of a racketeering enterprise by a preponderance of the evidence.[5] Najar misunderstands the very different levels of proof between a James hearing and a grand jury indictment, which is premised on probable cause to proceed with the prosecution. See U.S. v. R. Enterprises, 498 U.S. 292, 297 (1991).

31. Twelve pages of Petitioner's brief accompanying his amended complaint reiterate a claim which, when liberally construed, may be an Apprendi claim, identical to that addressed above in ¶ 27 and n.5. I have already made findings on this issue.[6]

32. In another additional claim, Najar argues that charges under 18 U.S.C. § 924(i)$^2$(1) are defective because they refer to 18 U.S.C. § 1111 which "requires that the killing take place on federal territorial jurisdiction." Brf in Supp. of Am. Compl., at 22. Petitioner is mistaken. 18

---

[5] The purpose of a James hearing is to determine the admissibility of co-conspirator hearsay evidence and determine whether that evidence establishes the existence of a conspiracy by a preponderance of the evidence. See United States v. James, 590 F.2d 575 (5th Cir.1979). I did not find such a ruling by the district court among the entries in the voluminous docket for this case. However, even assuming such an order exists, Petitioner's claim has no merit, as explained above.

[6] Petitioner reiterates this claim elsewhere in his brief, and should consider previous findings on the claim to apply.

U.S.C. § 1111(a) defines murder, and § 1111(b) provides for the penalty when the murder is committed within the "special maritime and territorial jurisdiction of the United States." The indictment therefore properly reference the offense of murder.

33. Based on the foregoing findings, relief on Petitioner's claims listed as challenges to the Court's subject matter jurisdiction, should be denied, on the basis that they have no merit or fail to allege a viable claim.

**Double Jeopardy**

34. Petitioner contends that his convictions and sentences constituted double jeopardy, based on his sentences for violations under RICO, 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 924(i)$^2$(1). Under Blockburger v. U.S., 284 U.S. 299 (1932), multiple punishments for the same offense do not occur if each charge requires proof of a fact that the other does not. See, U.S. v. Dixon, 509 U.S. 688 (1993).

35. Najar's claim with respect to charges under 18 U.S.C. § 924(c) and 21 U.S.C. § 841 is frivolous, since Najar did not plead to, and therefore was not convicted of, any of these charges. With respect to the charges under 21 U.S.C. § 846, 18 U.S.C. § 924(i)$^2$(1), these are separate and distinct crimes from each other as well as the RICO Act. Each offense requires an element which is different from the other.

36. Under 21 U.S.C. § 846, the Government is required to prove a conspiracy by two or more people who have agreed to commit a violation of the Controlled Substances Act. A violation of 18 U.S.C. § 924(i)$^2$(1) requires proof that a defendant used a firearm during and in relation to either a drug trafficking crime or crime of violence, and that while doing so caused the death of a person through the use of a firearm. Each of the prohibited acts under RICO, see 18

11

U.S.C. § 1962(a)-(d), describe elements of the offense which differ from either of the other two statutes.[7]  Thus, convictions for violations of the RICO Act, 21 U.S.C. § 846, 18 U.S.C. § 924(i)$^2$(1) did not violate the double jeopardy clause.

**Double Jeopardy - Amended Complaint**

37.  The amended complaint raises variations on issues already raised in the initial petition, and which I have already addressed.  For example, Petitioner alleges double jeopardy violations because Counts 26-28 incorporated Count 3, the drug conspiracy count.  While Count 3 charged Petitioner with drug conspiracy, Counts 26-28 charged Najar with causing the death of a person through the use of a firearm in the course of carrying and using a firearm during and in relation to the drug conspiracy. These are clearly separate and distinct crimes which are intended to carry separate and distinct punishments.  Convictions for both offenses does not amount to double jeopardy.

**Ineffective Assistance of Counsel**

38.  As noted above, the general rule is that collateral attacks concerning guilty pleas are prohibited, and the relevant inquiry is whether the underlying plea was both counseled and voluntary.  Tollett v. Henderson, 411 U.S. 258 (1973); Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993).  When a defendant is represented by counsel during plea process and enters a plea on advice of counsel, voluntariness of plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.  See Varela v. Kaiser, 976 F.2d

---

[7]  For example, to establish a violation of RICO, the Government must establish the existence of an "enterprise" (which includes "any individual, partnership, corporation, association, or other legal entity. . . ." 18 U.S.C. § 1961(4)), or prove the use of proceeds from racketeering activities in activities which affect interstate commerce.  18 U.S.C. § 1962(a), (c).

1357 (10th Cir. 1992).

39. In this case, Petitioner raises ineffective assistance of counsel in that counsel was ineffective for failing to raise all of the issues that he raises in his motion. Under <u>Strickland v. Washington</u>, 466 U.S. 668, 690-92 (1984), Najar must demonstrate both that his trial attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient representation. In the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>Laycock v. New Mexico</u>, 880 F.2d 1184, 1187 (10th Cir. 1989); <u>Strickland</u>, 466 U.S. at 687.

40. I agree with Respondent that Petitioner has simply affixed the tag of "ineffective assistance" on these claims in an attempt to bootstrap otherwise unreviewable claims, as a consequence of his guilty plea. However, the effort is unsuccessful. Aside from the fact that Petitioner does not challenge the voluntariness of his plea, there is no evidence at all that defense counsel's conduct was either objectively deficient or prejudicial. I adopt the Government's exhaustive list of discovery and substantive motions made by Najar's counsel, <u>see</u> <u>Ans. at 4-5</u>, including a motion to dismiss the indictment based on a defective jury pool raised by defense counsel, which was denied by the trial court [<u>Crim. No. 95-538</u>, docket ## 1265, 2177].

41. Moreover, based on my findings that none of Petitioner's issues have merit, there can be no basis for his ineffective assistance claims. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (petitioner did not establish that counsel rendered ineffective assistance because underlying claims lacked merit).

42. Neither do I find that Petitioner was prejudiced, even if counsel's performance had

13

been constitutionally deficient. As Respondent points out, Najar's sentence of 360 months on the Counts he pled to was far less than the sentence he would have received if he had been convicted of just one count under 18 U.S.C. § 924(i)$^2$(1): a mandatory life sentence under the Sentencing Guidelines, or the death penalty. Petitioner has not suggested, much less alleged, that he would have preferred to take his chances at trial with such a possible sentencing exposure.

43. In sum, I find that Petitioner entered into a valid guilty plea, which was both counseled and voluntary. I find that he has waived all non-jurisdictional defenses based on this plea, and that his claims challenging the Court's subject matter jurisdiction and his rights under the Double Jeopardy Clause have no merit and should be dismissed with prejudice. I also find that Petitioner's claims of ineffective assistance of counsel have no merit.

### Recommendation

I recommend that Petitioner's Motion for Production of Grand Jury Transcripts **[docket # 2]** be DENIED; that Petitioner's Motion to Amend his § 2255 Petition **[docket # 6]** be GRANTED; and that, based on the foregoing findings, Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, be DENIED and this cause be DISMISSED WITH PREJUDICE IN ITS ENTIRETY.

_____
UNITED STATES MAGISTRATE JUDGE